R. Scott Taylor, OSB No. 74324
Clinton L. Tapper, OSB No. 084883
Taylor & Tapper
400 E 2nd, Suite 103
Eugene, OR 97401
Ph: 541-485-1511 / fax: 541-246-2424
Scott@taylortapper.com
Clinton@taylortapper.com

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| PETER S. BOGARD and WENDY V. BOGARD,<br><br>    Plaintiff,<br><br>    vs.<br><br>COUNTRY MUTUAL INSURANCE COMPANY,<br><br>    Defendant. | CASE NO.:<br><br>COMPLAINT<br><br>BREACH OF CONTRACT<br><br>Claim over $75,000<br>Demand $1,620,249.41<br><br>JURY TRIAL REQUESTED |

COMES NOW the Plaintiffs, represented by the undersigned attorney(s), and allege as follows:

VENUE AND JURISDICTION

1. At all times material hereto, Plaintiffs Peter S. Bogard and Wendy V. Bogard (hereafter "the BOGARDS") are and have been individuals domiciled in the county of Jackson in the State of Oregon.

2. At all times material hereto, Country Mutual Insurance Company (hereafter "COUNTRY"), was an insurance corporation authorized to issue insurance and conduct business in the State

of Oregon, but was a foreign carrier with its principal place of business headquartered in another state.

3. The claim and controversy in this matter exceeds $75,000.00

4. The acts and/or omissions that form the basis of this complaint took place in the State of Oregon, this Court has jurisdiction over this matter pursuant to 28 USC §1332, and Venue is proper in the Medford Division.

## FACTS MATERIAL TO ALL CLAIMS FOR RELIEF

5. The BOGARDS were the beneficial owner of certain real property located in Josephine County, Oregon, and commonly referred to as 251 Savage Creek Road Grants Pass, Oregon (hereafter "the Property").

6. At all times material to this Complaint, the BOGARDS and the Property were insured by a homeowner's insurance policy issued by COUNTRY, specifically described as policy no.: A36K4901688 (hereafter "the Policy").

7. At all times material to this Complaint, all premiums due from the BOGARDS were paid, and the Policy was in full force and effect.

8. In consideration for payment of premiums by the BOGARDS, the Policy promised to provide coverage against damage and losses caused by fire to the Property and coverage for auxiliary structures on the Property, personal property coverage, and additional coverages contained and set forth in the Policy, subject to the terms and conditions of the Policy.

9. The Policy provides for Actual Cash Value (ACV) payment, and subsequent Replacement Cost payment for the coverage to the property.

COMPLAINT

Page 2 of 6
Taylor & Tapper
400 E 2nd Ave, Suite 103
Eugene, OR 97401
Ph: (541) 485 – 1511 / Fax: (541) 264 - 4866

10. On or about January 6, 2019, a fire caused significant damage to the auxiliary private structure on the Property (hereafter "the Loss").

11. The BOGARDS promptly filed a claim with COUNTRY in connection with the Loss.

12. COUNTRY assigned the Loss Claim Number 182-0043642 (hereafter "the Claim").

13. COUNTRY investigated the Claim and denied coverage for the loss.

14. COUNTRY denied coverage based solely on one exclusion within the Policy, the controlled substances exclusion.

15. COUNTRY's controlled substances exclusion in the Policy states:

> **Exclusions – SECTIONS 2 through 6**
> A. "We" do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not there was widespread damage or affects a substantial area or the loss arises from natural, man-made, or external forces, or occurs as a result of any combination of these.
> \*\*\*
> **17. Controlled Substance**
> The manufacture or processing by an "insured' or with any "insured's" knowledge of a Controlled Substance as defined by the Federal Food and Drug Law at 21 U.S.C.A. Sections 811 and 812.

16. Where the origin of the fire occurred, prior to the Loss, Peter Bogard was making a CBD (cannabidiol) salve derived from industrial Hemp.

17. The Agricultural Improvement Act of 2018 removed Hemp and its derived products as a controlled substance, as defined by the Federal Food and Drug Law at 21 U.S.C.A. Sections 811 and 812.

18. Under 21 U.S. Code § 812, tetrahydrocannabinols are a controlled substance "except for tetrahydrocannabinols in hemp (as defined under section 1639 of title 7)."

COMPLAINT

Page 3 of 6
Taylor & Tapper
400 E 2nd Ave, Suite 103
Eugene, OR 97401
Ph: (541) 485 – 1511 / Fax: (541) 264 - 4866

19. 7 U.S. Code § 1639o, provides:

> The term "hemp" means the plant Cannabis sativa L. and any part of that plant, including the seeds thereof and all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers, whether growing or not, with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis.

20. The BOGARDS provided COUNTRY with evidence that hemp and its derived products were no longer a controlled substance as defined by the Federal Food and Drug Law at 21 U.S.C.A. Sections 811 and 812.

21. The BOGARDS provided laboratory evidence that the particular plants used to create the salve on the date of the Loss were Cannabis sativa L. plants containing a concentration of not more than 0.3 percent of delta-9 tetrahydrocannabinol on a dry weight basis.

22. COUNTRY rejected the BOGARDS' submitted evidence and affirmed its denial.

23. The BOGARDS have performed or will perform all conditions required under the Policy for payment of the Claim.

24. As a result of the breaches of contract outlined in this Complaint, the BOGARD's has been forced to hire an attorney to represent it in this matter. The BOGARD's are entitled to recover its reasonable attorney fees incurred herein under ORS 742.061.

25. The BOGARDS are entitled to recover prejudgment interest on its damages at the legal rate of 9% per annum.

## CAUSE OF ACTION: BREACH OF CONTRACT

26. The BOGARDS realleges and reincorporates all proceeding paragraphs.

27. COUNTRY's denial of coverage and refusal to fully pay the benefits due to the BOGARD's under the Claim is a material breach of the Policy.

28. As a result of COUNTRY's breach of contract and intentionally unreasonable denial of coverage, the BOGARDS' suffered the following damages:

    a. $27,280.00 for damages to the auxiliary private structure on the Property (the Policy limits);

    b. $92,969.41 on a replacement cost basis for damages to personal property (not including seed) in the BOGARD's auxiliary structure on the Property; and

    c. $1,500,000 on a replacement cost basis for damages to personal property (exclusively hemp seed) in the BOGARD's auxiliary structure on the Property.

29. COUNTRY's refusal to pay is a material breach of Policy.

30. COUNTRY's conduct, as alleged herein, acted to prevent the BOGARDS from complying with the replacement cost conditions of the Policy.

31. The BOGARDS are entitled to the full replacement cost of the property damaged in the Loss, regardless of actual replacement.

## PRAYER

WHEREFORE, the BOGARDS pray for judgment in the amount $1,620,249.41 as set forth above, and for its costs and disbursements incurred herein, attorneys' fees, prejudgment interest, and for any other relief this Court deems just and appropriate.

///

///

DATED: May 6, 2019

                                  **TAYLOR & TAPPER**

                                  **s/ Nickolaus N. Gower**

                                  Nickolaus Gower, OSB No. 143274
                                  400 E 2nd, Suite 103
                                  Eugene, OR 97401
                                  Ph: 541-485-1511 / fax: 541-246-2424
                                  nick@taylortapper.com

COMPLAINT                                                                                             Page 6 of 6
                                                                                                         Taylor & Tapper
                                                                                 400 E 2nd Ave, Suite 103
                                                                                     Eugene, OR 97401
                                                 Ph: (541) 485 – 1511 / Fax: (541) 264 - 4866