R. Scott Taylor, OSB No. 74324
542 Lawrence Street
Eugene, Oregon 97401
Ph: 541-485-1511 / fax: 541-246-2424
Scott@taylorinsurancelaw.com

Nick Gower, OSB No. 143274
319 SW Washington Street, Suite 614
Portland, Oregon 97204
Phone: (503) 507-3973
Fax: (503) 437-9170
Nick@gower.law

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| PETER S. BOGARD and WENDY V. BOGARD,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTRY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | CASE NO.: 1:19-cv-00705-AA<br><br>PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO AMEND/CORRECT ITS AMENDED ANSWER<br><br>ORAL ARGUMENT REQUESTED |

# RESPONSE

Plaintiffs strongly oppose Defendant's Motion to Amend presented at the eleventh hour of litigation. Defendant filed its Answer over a year ago and the deadline for the amendment of pleadings expired over ten months ago on January 17, 2020. (*See* Dkt. #6; *see also* Dkt. #11). Both parties have submitted their initial briefing for their cross-motions for summary judgment on the issue of liability; however, after reviewing Plaintiffs' Motion for Partial Summary Judgment, Defendant now seeks to amend its answer in an effort to circumvent Plaintiffs' legal and factual arguments establishing Defendant's liability.

Defendant's motion should be denied. First, Defendant failed to provide any example of good cause to amend the pleadings outside the deadlines provided in the Court's scheduling order. Second, Defendant's amendments will cause substantial prejudice to Plaintiffs and are the result of undue delay. In either case, Defendant's motion should be denied.

**1. Deadline for the Amendment of Pleadings is Governed by FRCP 16 Not FRCP 15**

Defendant cannot amend pursuant to FRCP 15 because the deadline for the amendment of pleadings has passed. Typically, the court allows a liberal standard for the amendment of pleadings under FRCP 15 where the court only denies leave to amend due to "undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962)) (alterations in original).

However, where a party moves for leave to amend after the deadline for amendment has lapsed, a party cannot "appeal to the liberal amendment procedures afforded by Rule 15; [t]he tardy motion [must] satisfy the *more stringent* good cause showing required under Rule 16." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006) (internal citation and quotation marks omitted) (emphasis in original); *see also* Fed. R. Civ. Proc. 16(b)(4) (the contents of a scheduling order "may be modified only for good cause and with the judge's consent."). Such a party must first show "good cause" for amendment under FRCP 16(b), then, if "good cause" be shown, the party must demonstrate that amendment was proper under FRCP 15. *Johnson v. Mammoth Recreations*, 975 F2d 604, 608 (9th Cir 1992) (citing *Forstmann v. Culp,* 114 F.R.D. 83, 85 (M.D.N.C. 1987)).

Here, Defendant moved to amend the pleadings over nine (9) months after the Court's deadline for the amendment of pleadings had elapsed. Accordingly, Defendant's motion to amend is governed by FRCP 16, necessitating both a showing of good cause for the amendment and demonstration that the amendment was proper under FRCP 15.

**2. Defendant Fails to Meet FRCP's "Good Cause" Standard for Amendment**

Defendant has failed to articulate necessary and recognizable "good cause" for the amendment. Because Defendant's motion is subject to the more stringent standards of FRCP 16, the prejudice to Plaintiffs is not the determinative question, but whether Defendant has "good cause" for the amendment outside of the deadlines imposed by the Court's scheduling order. Although prejudice to the opposing party might supply additional reasons to deny a motion, the

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO AMEND/CORRECT ITS AMENDED ANSWER

focus of the inquiry is upon the moving party's reasons for seeking modification – if that party was not diligent, the inquiry should end. *Johnson v. Mammoth Recreations*, 975 F2d 604, 609 (9th Cir 1992) (citing *Gestetner Corp. v. Case Equip. Co.,* 108 F.R.D. 138, 141 (D. Me. 1985)).

Good cause is "an inquiry that focuses on the reasonable diligence of the moving party." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n. 6 (9th Cir. 2007). Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations*, 975 F2d 604, 609 (9th Cir 1992). The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment); *Harrison Beverage Co. v. Dribeck Importers, Inc.,* 133 F.R.D. 463, 469 (D.N.J. 1990); *Amcast Indus. Corp. v. Detrex Corp.,* 132 F.R.D. 213, 217 (N.D. Ind. 1990); *Forstmann,* 114 F.R.D. at 85; 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence).

Here, Defendant did not discover new evidence or suffer a hardship ten (10) months ago that made the deadline for the amendment of pleadings untenable with the exercise of diligence. Defendant provides no reasons why the scheduling order could not be met, instead only offering the following reasons why the amendment should be permitted:

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO AMEND/CORRECT ITS AMENDED ANSWER

a) ***With Respect to Defendant's Paragraph 16:*** "[T]he inclusion of paragraph 16 in the string citation paragraphs was inadvertent. There was no intention on the part of Defendant to admit the allegation of paragraph 16 . . . Plaintiffs seek to take advantage of this clerical error . . ." Dkt. #27 at 2.

b) ***With Respect to Defendant's Affirmative Defense:*** "As pled, the affirmative defense could be read to place the burden of proof on the plaintiff to prove the applicability of the policy exclusion at issue. Again, this was not Defendant's intent." Dkt. #27 at 3.

Each of the reasons articulated by Defendant for the untimely amendments amounts to an excuse of carelessness. Carelessness does not satisfy the "good cause" standard of FRCP 16, is not compatible with a finding of diligence, and offers no reason for a grant of relief. *Cf. Engleson v. Burlington Northern R.R. Co.,* 972 F.2d 1038 (9th Cir. 1992) (carelessness not a ground for relief under Rule 60(b)); *Martella v. Marine Cooks & Stewards Union,* 448 F.2d 729, 730 (9th Cir. 1971) (same), *cert. denied,* 405 U.S. 974, 92 S. Ct. 1191 (1972); *Smith v. Stone,* 308 F.2d 15, 18 (9th Cir. 1962) (same).

Defendant could have amended the pleadings over ten (10) months ago and satisfied the Court's deadline for the amendment of pleadings with reasonable diligence. Instead, Defendant only sought to amend its answer over nine (9) months after the deadline to amend pleadings had elapsed and only after receiving Plaintiffs' Motion for Partial Summary Judgment. Defendant's amendment is not done for any recognizable good cause, but purely an attempt to circumvent the

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO AMEND/CORRECT ITS AMENDED ANSWER

legal and factual arguments put forth in Plaintiffs' Motion for Partial Summary Judgment (Dkt. #21).

Good cause is "an inquiry that focuses on the reasonable diligence of the moving party." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n. 6 (9th Cir. 2007). None of the reasons articulated by Defendant explain why the proposed amendments could not have occurred within the deadlines of the Court's scheduling order or how Defendant was unable to satisfy the Court's scheduling deadline with the exercise of diligence. Accordingly, the Court should deny Defendant's motion for failure to articulate good cause under FRCP 16.

### 3. Substantial Prejudice to Plaintiffs Should Defeat Defendant's Motion

Defendant's proposed amendment would substantially prejudice Plaintiffs. A motion for a leave to amend should not be granted if it causes substantial prejudice to the opposing party. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). A motion for leave to amend causes substantial prejudice when it alters the nature of the litigation or causing an extreme delay late in the litigation. *Id.*

Here, based on the parties' cross-motions for summary judgment, granting Defendant's amendments would alter the nature of litigation. First, Defendant currently has no legally valid affirmative defense. As written, Defendant claims Plaintiffs failed to prove that the cannabinoid product used at the time of the fire was sourced from lawfully grown hemp. (*See* Dkt. #6 at 2). This affirmative defense is legally deficient for the reasons outlined in Plaintiffs' Motion for Partial Summary Judgment. (*See* Dkt. #21 at 9-10). Prior to the submission of Plaintiffs' Motion

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO AMEND/CORRECT ITS AMENDED ANSWER

for Partial Summary Judgment, Defendant's counsel did not indicate an intention to amend Defendant's pleadings at any point in litigation. (Declaration of Nick Gower ¶ 3). The fact that Defendant now seeks an amendment of the pleadings on the very same legal and factual issues argued in Plaintiffs' Motion for Partial Summary Judgment comes as more than a surprise! (Declaration of Nick Gower at ¶¶ 4-5).

Second, modifying Defendant's judicial admission that "[w]here the origin of the fire occurred, prior to the Loss, Peter Bogard was making CBD salve derived from industrial Hemp" would significantly change the posture of the case. (*See* Dkt. #3 at ¶ 16; *see also* Dkt. #6 at ¶ 1). With the pleadings as they stand, there is no debate as to whether the cannabinoid product used to make the CBD salve was a controlled substance under the controlled substances act – it was not a controlled substance because it was hemp. Notwithstanding the judicial admission, Defendant could have still argued that the CBD salve Plaintiffs' were manufacturing was a controlled substance and therefore the loss was excluded.

Defendant would now be allowed to argue that both the CBD salve **and** the source product for the CBD salve were controlled substances. If Defendant's amendment is permitted, the full extent of the impact is not currently known; however, at a minimum Plaintiffs will consider moving to stay of the summary judgment briefing while Plaintiffs obtain expert opinions to address the reliability of the testing of the source cannabinoid product (from which the CBD salve was derived) by EVIO Labs at the time the testing occurred and the reliability of

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO AMEND/CORRECT ITS AMENDED ANSWER

the testing of the source cannabinoid product (from which the CBD salve was derived) by EVIO Labs at the time of the fire. (Declaration of Nick Gower at ¶ 6).

The Court should deny Defendant's motion based on the substantial prejudice Plaintiffs will suffer by the belated change in the nature of litigation in the middle of the parties' cross-motions for summary judgment on liability.

### 4. Undue Delay Should Defeat Defendant's Motion

Defendant's proposed amendment should be denied for undue delay. The Ninth Circuit test for undue delay is "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990).

Defendant filed its Answer to Plaintiffs' Amended Complaint over a year ago on June 28, 2019 (Dkt. #6) and the deadline for discovery and the amendment of pleadings passed on January 17, 2020 (Dkt. #11). Defendant's efforts to amend its pleadings are not the result of newly found evidence, but purely an effort to circumvent the legal and factual issues put forth in Plaintiffs' Motion for Partial Summary Judgment.

Here, Defendant should have known about the deficient facts and legal theories presented in its Answer over a year ago. Accordingly, the Court should deny Defendant's motion based on the combination of substantial prejudice to Plaintiffs and undue delay.

///

///

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO AMEND/CORRECT ITS AMENDED ANSWER

## CONCLUSION

The Court should not entertain Defendant's belated efforts to improve its legal advocacy. Defendant's failure to satisfy the good cause standard for the amendment of pleadings is fatal to its motion. Notwithstanding, even if the Court recognizes good cause for the amendment outside the Court's scheduling deadlines, the amendment should fail because of substantial prejudice to Plaintiffs and undue delay.

DATED: October 19, 2020

                                            **GOWER LAW LLC**

                                            s/ **Nick Gower**
                                            _____
                                            **Nick Gower**, OSB #143274
                                            nick@gower.law
                                            Associated Counsel for Plaintiffs

# CERTIFICATE OF SERVICE

The undersigned certifies that on the below date, a true and correct copy of the foregoing

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO AMEND/CORRECT ITS AMENDED ANSWER

by facsimile, first class mail, and/or deposit into the CM/ECF system on the following:

    Country Mutual Insurance Company

By and through Defendant's counsel:

    Bernard S. Moore, OSB # 843051
    Frohnmayer, Deatherage, Jamieson, Moore, Armosino & McGovern, P.C.
    2592 East Barnett Road
    Medford, Oregon 97504-8345
    Fax: 541-779-6379

DATED: October 19, 2020

                                           **GOWER LAW LLC**

                                             s/ **Nick Gower**
                                             _____
                                             **Nick Gower**, OSB #143274
                                             nick@gower.law
                                             Associated Counsel for Plaintiffs